# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 23, 2003

## JAMIE DEWAYNE REED v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Cocke County**
**No. 27, 889 - III     Rex Henry Ogle, Judge**

---

**No. E2003-00942-CCA-R3-PC**
**October 3, 2003**

---

The Defendant, Jamie Dewayne Reed, filed for post-conviction relief. The trial court summarily denied relief on the basis that the petition was time-barred. The Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Jamie Dewayne Reed, Manchester, Kentucky, Pro Se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Al C. Schumtzer, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Jamie Dewayne Reed, pled guilty in 1996 to one count of misdemeanor assault and one count of felony vandalism. He received an effective sentence of two years. In September 2002, the Defendant filed for post-conviction relief, alleging that he had received ineffective assistance of counsel in conjunction with his guilty plea. The State responded, contending that the Defendant's petition was barred by the one-year statute of limitations. The trial court agreed with the State and summarily dismissed the petition. The Defendant now appeals, claiming his actual innocence of the crimes to which he pled guilty.

We agree with the trial court that the Defendant's petition is time-barred. The Post-Conviction Procedure Act provides that petitions must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). The Defendant took no appeal from his judgment of conviction, and that judgment therefore became final in 1996. The instant petition

was not filed until 2002. The Defendant's petition does not satisfy any of the statutory exceptions to application of the one-year limitations period. See id. § 40-30-202(b). Nor has the Defendant set forth any basis for tolling the limitations period on due process grounds. Accordingly, the Defendant's petition is barred by the one-year statute of limitations, and the trial court was therefore correct in summarily dismissing the Defendant's petition.

The Defendant argues that he has evidence obtained subsequent to his guilty plea that proves his actual innocence. This evidence is in the nature of recanted testimony. Thus, the Defendant's pleading is in the nature of a petition for a writ of error coram nobis. See Tenn. Code Ann. § 40-26-105. However, such petitions must be filed within one year of the date on which the petitioner's judgment of conviction became final in the trial court. See State v. Mixon, 983 S.W.2d 661, 670 (Tenn. 1999). As set forth above, that date has long since passed. Accordingly, the Defendant is time-barred from pursuing that avenue of relief, as well.

The trial court correctly dismissed the Defendant's claim for relief, and we therefore affirm the judgment of the trial court.


_____
DAVID H. WELLES, JUDGE